| | AUSA: | Katharine Hemann | Telephone: (989) 895-5712 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Conall Guckin | Telephone: (810) 768-7600 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Marquel Shine,

Case: 4:25-mj-30715
Assigned To : Unassigned
Assign. Date : 11/21/2025
Description: USA V SEALED

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 18, 2025 to February 25, 2025__ in the county of _____Genesse_____ in the ____Eastern____ District of ____Michigan____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) & 841(b)(1)(B)(ii) | Attempted possession with intent to Distribute |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Conall Guckin, Special Agent D.E.A.
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __November 21, 2025__

_Judge's signature_

City and state: __Flint, Michigan__    Curtis Ivy, Jr.  United States Magistrate Judge
_Printed name and title_

Case: **4:25−mj−30715**
Assigned To : **Unassigned**
Assign. Date : **11/21/2025**
Description: **USA V SEALED**

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Conall P. Guckin, being first duly sworn, hereby deposes and states as follows:

1. I make this affidavit from personal knowledge based on the following: my participation in this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gathered through my training and experience. The information outlined below is for the limited purpose of obtaining a criminal complaint and an arrest warrant. I have not set forth each and every fact I have learned in this investigation.

2. I am a duly sworn Special Agent (SA) with the Drug Enforcement Administration (DEA) and have been so employed since September 2018. I have received specialized training on the subject of drug trafficking and money laundering from the DEA. I have additional experience within the law enforcement field as I was employed by the Avalon Police Department, Haddon Heights Police Department, and the Camden County Sheriff's Department for approximately two and a half years. In addition to training received from the DEA, I have been trained by the Cape May County Police Academy, Cape May, New Jersey. I work in conjunction with other federal and local police agencies investigating illegal trafficking of controlled substances and related drug proceeds throughout the United States of America and abroad. I have participated in numerous investigations

involving trafficking in various types of controlled substances. I am familiar with the manner, language, and techniques of traffickers in controlled substances. I have participated in arrests for controlled substances act violations which have resulted in felony convictions.

3. The purpose of this affidavit is to establish probable cause that beginning on or about February 18, 2025 until on or about February 25, 2025, in the Eastern District of Michigan and elsewhere, Marquel Shine, (DOB: 10/10/1985), attempted to possess with the intent to distribute a controlled substances, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).

## PROBABLE CAUSE
### *Cocaine Seizure February 2025*

4. During the month of February of 2025, I was contacted by a source of information who provided information related to narcotics activity in the Flint, Michigan area. This source has since become a confidential DEA source (CS). I know the CS's actual name and contact information, but the CS has requested to remain confidential to avoid retaliation or intimidation by subjects of this and other investigations. The CS is not currently facing criminal charges and came forward willingly and voluntarily in an effort to assist law enforcement and for payment. The CS has a history of providing information leading to drug seizures and drug arrests.

In addition, as described below, I have corroborated the information provided to me by the CS through my own investigation and the investigations of other law enforcement officers, and to the best of my knowledge, the CS has not provided me with any false information. Based upon all of this, I believe the CS to be reliable and credible.

5. The CS advised investigators that a package containing a controlled substance was recently mailed to the Flint, Michigan area. The CS stated the package was associated with Marquel Shine. The CS indicated Shine typically mails packages to locations in the Flint area, that he then retrieves in order to distribute the controlled substances.

6. On February 25, 2025, investigators located a United States Parcel with USPS Tracking Number 9505 5107 5967 5049 7801 50, addressed to "Joshua Philips, 6056 oak Creek Dr, Swartz creek, MI 48473" with a return address of "Eric Sean, 4123 oak view creek CT, Houston TX 77048". The parcel was mailed on February 18, 2025, from Houston, TX. Further, the parcel weighed approximately 7 pounds 8.8 ounces and bear $31.25 in postage and fees. This parcel is hereafter referred to as the Subject Parcel.

7. In 2021, during a prior DEA Investigation into Shine, agents conducted physical surveillance on Shine and observed him at 6056 Oak Creek Drive, Swartz Creek, Michigan. In addition, I recently conducted a public records database check

on a database that I used regularly by law enforcement and that has been found to provide accurate and reliable information for persons or businesses legitimately associated with an address. The check revealed that the listed addressee/recipient address of 6056 Oak Creek Drive, Swartz Creek, Michigan, is associated with Marquel Shine.

8. On February 25, 2025, Postal Inspectors met United States Border Patrol (USBP) Agent Ryan Sprague. Agent Sprague brought a trained narcotics-detecting canine named "Myko" to the USPIS Allen Park Domicile located in Allen Park, Michigan. K-9 Myko alerted to the positive scent of narcotics coming from the Subject Parcel.

9. On February 25, 2025, USPIS Investigators obtained a signed federal search warrant signed by the Honorable U.S. Magistrate Judge David R. Grand, to search the contents of the Subject Parcel. On that same date, investigators executed the federal search warrant on the Subject Parcel and discovered it contained the following:

   a. Subject Parcel contained one brick like object that contained a white chunky substance. The substance was sent to the DEA laboratory for drug analysis, and it tested positive for cocaine hydrochloride. The net weight was 999.4 grams.





*Still frame image from the suspected cocaine seizure on February 25, 2025.*

10.  Based upon my observation of the item seized from inside of the parcel, including its weight, color, smell and texture, the item appears to consistent with a kilogram of cocaine.

11. Based on my training and experience, as well as conversations with other law enforcement officers, I know that the volume of suspected cocaine intercepted on February 25, 2025, suggests that the person receiving the package is likely a narcotics distributor. As such he or she will likely possess those materials and components necessary to subdivide, weigh, and repackage the drugs for additional distribution. These materials are often located at the delivery address if that location is not an unwitting participant in the drug distribution. The volume of suspected cocaine contained in the package, its cost and the amount of income that could be generated through its sale to customers, in my training and experience, clearly indicates a distribution operation and not an amount consistent with personal use possession.

12. On March 5, 2025, investigators transferred the USPS Priority Box to the Flint Police Department for latent fingerprint analysis.

13. On March 26, 2025, I reviewed a Flint City Police Department Automated Fingerprint Identification System (AFIS) Report written by Fingerprint Technician Phillip Thick. According to the report, Thick examined the Subject Parcel and discovered a latent print under the top flap on the Gorton's Frozen Seafood box, which was located inside the Subject Parcel. The latent print from the box was search in AFIS and identified as the left middle fingerprint of Marquel L. Shine.

14. On March 13, 2025, I submitted a subpoena to Spirit Airlines requesting flight records for Marquel Shine. On that same date, I received the requested information from Spirit Airlines which included the following pertinent information:

    a. On February 20, 2025, Shine flew Spirit Flight 288 (Departure Time: 5:25 am) from George Bush Intercontinental Airport, Houston, Texas, to Detroit Metro International Airport.

        i. Shine utilized Marquel.shine@gmail.com his email address;

        ii. Shine utilized 12XXX Skyview Creek Court, Houston, Texas, as his address;

        iii. Shine utilized 832-279-XXXX (Shine Phone) as his cell phone number

        iv. Shine utilized 10-10-1985 as his date of birth.

### *Toll Analysis*

15. On May 5, 2025, I reviewed records from T-Mobile, dated April 25, 2025, which showed that Marquel Shine was the sole subscriber for the Shine Phone. The account has been active since April 19, 2016, and the billing address is 12XXX Skyview Creek Court, Houston, Texas.

### *Historical Cell Site for 832-279-XXXX (Shine Phone)*

16. On April 9, 2025, I obtained a federal search warrant for the cell site data associated with the Shine Phone, which was authorized by the Honorable United States Magistrate Judge Kimberly G. Altman.

17. On April 23, 2025, I received the requested results for the cell site data Shine Phone which included the following pertinent information:

   a. On February 20, 2025, at approximately 10:44:37 UTC, the Shine Phone, was located in the vicinity of 29.986691, -95.345555, which is in the vicinity of George Bush International Airport, Houston, Texas.

   b. On February 20, 2025, at approximately 13:56:43 UTC, the Shine Phone, was located in the vicinity of 42.221, -83.3827, which is in the vicinity of Detroit Metropolitan Wayne County Airport, Romulus, Michigan.

   c. On February 25, 2025, at approximately 23:29:22 UTC, the Shine Phone, was in the vicinity of 42.929694, -83.806556. These coordinates are in the area of Reid Road and Elms Road, Swartz Creek, Michigan.

      i. The Subject Parcel was destined for 6056 Oak Creek Drive, Swartz Creek, Michigan, which is approximately 2.7 miles away from these coordinates.

## CONCLUSION

13. Based on the above facts, there is probable cause to believe that beginning on or about February 18, 2025, until on or about February 25, 2025, in the Eastern District of Michigan, Marquel Shine (DOB: 10/10/1985) committed the above-referenced violations.

*Conall Guckin*
Conall Guckin
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
and/or by reliable electronic means.

_____
Hon. Curtis Ivy, Jr.
United States Magistrate Judge